No. 194        March 5, 2025        497

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA FRANK YALCH-GONZALEZ,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR11542; A181223

Chanpone P. Sinlapasai, Judge.

Submitted January 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for reckless driving, ORS 811.140, and driving under the influence of intoxicants (DUII), ORS 813.010. In a single assignment of error, defendant argues that the trial court erred when it denied his motion to dismiss because, in his view, six years had elapsed "between the charges being filed and the hearing on the motion," which violated his rights under the state and federal constitutions.[1] We affirm.

"We review a trial court's denial of a defendant's motion to dismiss for lack of a speedy trial for legal error and we are bound by the trial court's findings of fact if they are supported by the record." *State v. Krieger*, 306 Or App 71, 72, 473 P3d 50 (2020), *rev den*, 367 Or 535 (2021).

We conclude that the trial court did not err under the state constitution.

"Under Article I, section 10, we consider three factors in evaluating a speedy trial claim: (1) the length of the delay; (2) the reasons for the delay; and (3) the resulting prejudice to the defendant." *Id.* at 75. "If the time taken to bring an accused to trial is substantially greater than the average, inquiry into the remaining two factors is triggered." *Id.* (internal quotation marks omitted).

Here, defendant argues that the delay was "substantially greater than average," that "[t]he reasons for the delay weigh against the state," and that he was prejudiced by the delay. Although defendant acknowledges that he "missed" the "pretrial hearing," he relies on *State v. Rohlfing*, 155 Or App 127, 963 P2d 87 (1998), and argues that the six-year delay is attributable to the state because it was "negligent" and because he "did not attempt to avoid arrest or prosecution." We disagree with defendant's arguments.

In *Rohlfing*, we concluded that "the delay cannot be attributed to [the] defendant" because he "was unaware of his indictment" and because the record lacked evidence

---

[1] Article I, section 10, of the Oregon Constitution provides, in relevant part, that "justice shall be administered *** completely and without delay." In turn, the Sixth Amendment to the United States Constitution provides, in relevant part, that "the accused shall enjoy the right to a speedy and public trial."

that he "moved or left the state to avoid arrest and prosecution." *Id.* at 132-33. In contrast, here, the trial court addressed defendant at the end of his arraignment and stated that "we'll have you come back also on Thursday morning soon, March 24 *** we'll see you back then." The court also issued an order to appear. When defendant failed to appear, the trial court issued a bench warrant. Defendant did not appear again until 2022, when he was stopped for speeding and arrested pursuant to the bench warrant. As a consequence, *Rohlfing* does not assist defendant. Under the circumstances of this case, the delay can be attributed to defendant. *See id.*

"Even assuming defendant is correct that some length of the delay in this case can be attributed to the state, we disagree that defendant established a significant degree of prejudice to warrant dismissal." *Krieger*, 306 Or App at 76. Defendant argues that he was prejudiced because the state's only witness "demonstrated [a] lack of independent memory and impaired defendant's ability to impeach him as a witness or identify weaknesses in the state's case." We reject that argument. *See State v. Delatorre*, 316 Or App 559, 567, 502 P3d 767 (2021), *rev den*, 369 Or 705 (2022) ("Faded memories can, of course, cut both ways. And the fact that memories fade is a relevant consideration, but it does not, by itself, establish prejudice."). "Accordingly, after evaluating the length of delay with both the reason for the delay and the prejudice to defendant, we reject his state constitutional claim." *Krieger*, 306 Or App at 77.

"Given our conclusion under Article I, section 10, we similarly conclude that defendant's rights under the Sixth Amendment were not violated." *Id.* (explaining that we "assess[ ] a speedy trial claim under the Sixth Amendment" by "consider[ing] the three factors relevant to the state constitutional analysis *** and also the defendant's diligence in asserting the right to a speedy trial" (internal quotation marks omitted)). The trial court did not err when it denied defendant's motion to dismiss.

Affirmed.